In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Watson, J.), entered June 22, 2012, which, without a hearing, granted the motion of the subject child, in which the maternal grandmother joined, to dismiss the father’s petition for custody.
Ordered that the order is reversed, on the law, without costs or disbursements, and the motion of the subject child, in which the maternal grandmother joined, to dismiss the petition is denied.
In December 2010, the Dutchess County Department of Social Services filed a neglect petition against the mother and the father of the subject child, and the child was placed in the temporary guardianship of the maternal grandmother (hereinafter the grandmother). Upon the mother’s admission of neglect, the Family Court issued an order of fact-finding and disposition, placing the child in the temporary custody of the grandmother. The neglect petition was subsequently withdrawn insofar as asserted against the father.
In November 2011, the father filed a petition for custody of the child. In the meantime, permanency hearings were held on the neglect petition. After a third permanency hearing, the approved permanency goal changed from return to parent to permanent placement with the grandmother as a fit and willing relative. Thereafter, the child moved pursuant to Domestic Relations Law § 72 (2) to dismiss the father’s custody petition, arguing that extraordinary circumstances existed warranting dismissal of the petition and continuation of the grandmother’s temporary custody under Family Court Act article 10. The grandmother joined in the motion.
The Family Court improperly granted the child’s motion, in which the maternal grandmother joined, to dismiss the father’s custody petition in reliance upon Domestic Relations Law § 72. This statute authorizes a grandparent to make an application *672 for custody of his or her grandchild upon demonstrating the existence of “extraordinary circumstances” (Domestic Relations Law § 72 [2] [a]). Since the grandmother only had temporary custody of the child and never filed a petition for custody, Domestic Relations Law § 72 (2) was inapplicable in this custody matter. Moreover, to the extent that the Family Court dismissed the petition as also barred by res judicata, this was improper in the absence of a permanent custody determination in the permanency proceedings. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.